UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVERLY DREDGING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1469** |
| **FMT SHIPYARD & REPAIR, LLC ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is defendant Boland Marine & Industrial, LLC's ("Boland") motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants Boland's motion.

On July 3, 2024, the Court issued an amended order[2] and reasons granting Boland's motion[3] for summary judgment and dismissing with prejudice all claims against Boland. These included plaintiff Beverly Dredging, LLC's ("Beverly Dredging") claims against Boland for negligence, breach of contract, breach of the implied warranty of workmanlike performance, and breach of the implied duty of good faith and fair dealing.[4]

Following a pretrial conference with the remaining parties, the Court ordered[5] Beverly Dredging to file an amended complaint adding additional plaintiffs. Beverly Dredging filed a supplemental amended complaint adding as plaintiffs Beverly

---

[1] R. Doc. No. 85.
[2] R. Doc. No. 71.
[3] R. Doc. No. 56.
[4] R. Doc. No. 71, at 25.
[5] R. Doc. No. 82.

Industries, LLC; Beverly Holdings, LLC; Beverly Sand and Aggregate, LLC; and Beverly Construction Company, LLC (collectively, "Beverly").[6] Beverly also states that its supplemental amended complaint "slightly modify[s] a few allegations."[7] The supplemental amended complaint continues to list Boland as a defendant and maintains its previous allegations and claims against Boland.[8]

Boland then filed the present motion to dismiss.[9] Boland argues that the Court has already adjudicated the merits of Beverly's claims against it and that adding associated corporate entities as plaintiffs does not change the Court's prior reasoning.[10]

The Court agrees. The Court in its July 3, 2024 order and reasons already considered all of Beverly Dredging's claims against Boland and granted Boland's motion for summary judgment in full.[11] This order operated as an adjudication of the merits of Beverly's claims. Neither the addition of associated corporate entities as plaintiffs nor Beverly's modifications to its allegations are sufficient to change the reasoning in the Court's previous order. Accordingly,

---

[6] R. Doc. No. 83, at 1–2.
[7] *Id.* at 1. The Court did not grant Beverly leave to modify their allegations in the supplemental amended complaint. However, the causes of action remain the same, and any modifications to the allegations in the supplemental amended complaint are immaterial to the present motion.
[8] *Compare* R. Doc. No. 83 (supplemental amended complaint), *with* R. Doc. No. 7 (first amended complaint).
[9] R. Doc. No. 85.
[10] R. Doc. No. 85-1, at 6.
[11] R. Doc. No. 71, at 25.

**IT IS ORDERED** that Boland's motion to dismiss is **GRANTED**. All claims against Boland in Beverly's supplemental amended complaint are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 12, 2024.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE